UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

WILLIAM KENT ROBINSON       ]
                            ]
v.                          ]       No. 1-04-0098
                            ]       Judge Higgins
GLENN TURNER, WARDEN        ]

M E M O R A N D U M

The Court has before it the pro se prisoner petition (filed September 30, 2004; Docket Entry No. 1) of William Kent Robinson for writ of habeas corpus pursuant to 28 U.S.C. § 2254; the respondent's motion (filed January 31, 2005; Docket Entry No. 13) to dismiss; and the petitioner's response (filed February 14, 2005; Docket Entry No. 16).

I.

The petitioner was indicted for the following crimes: two counts of especially aggravated kidnapping; two counts of aggravated burglary; two counts of aggravated assault; three counts of setting fire to personal property; auto burglary; two counts of theft under $500; escape; burglary; theft over $10,000; vandalism under $500; and theft under $500. Robinson v. State, No. M2002-01928-CCA-R3-PC, 2003 WL 2002089, at *1 (Tenn. Crim. App. April 30, 2003). On June 12, 2001, pursuant to a negotiated plea agreement, the petitioner pled guilty to two counts of aggravated assault, setting fire to personal property, escape and theft over $10,000.

In return for pleading guilty, all other counts were dismissed, and the petitioner received a total effective sentence of fifteen years of imprisonment in the Tennessee Department of Correction. Id. On August 29, 2001, the petitioner filed a pro se petition for post-conviction relief. Following an evidentiary hearing, the trial court dismissed the petition. On April 30, 2003, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Id. The petitioner's application for permission to appeal to the Tennessee Supreme Court was subsequently denied on October 6, 2003.

The petitioner now seeks federal habeas corpus relief before this Court. The petitioner asserts that his plea of guilty was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and the consequences of the plea because of the medications he was taking at the time of his plea. He also asserts that he was denied the effective assistance of counsel. Specifically, he asserts that his trial counsel was ineffective because she failed to interview all potential witnesses, she did not explore any strategy of defense except to have him plead guilty and she allowed the petitioner to plead guilty although she knew he was allegedly at a diminished capacity because of the medications he was taking that were prescribed by the mental health center.

Upon consideration of the petition, the papers submitted by the parties and the entire record, it appears that an evidentiary

2

Case 1:04-cv-00098   Document 23   Filed 08/25/05   Page 2 of 7 PageID #: 2

hearing is not required in this matter. Therefore, the Court shall dispose of the petition as justice dictates. Rules Governing § 2254 Cases, Rule 8, 28 U.S.C.A. foll. § 2254.

II.

## A. INVOLUNTARY PLEA

The petitioner asserts that at the time he was to enter his plea he was mentally incapable of understanding the nature of the charges or the consequences attached to them. He asserts that the pills that he was taking at the time clouded his mind and that he would not have pled guilty if he had not been prescribed the medications.

"A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently." Bradshaw v. Stumpf, _U.S._, 125 S.Ct. 2398, 2405, _L.Ed.2d_ (2005). A plea is voluntary if the accused understands the nature of the constitutional protections that he is waiving and has a complete understanding of the nature of the charges against him. Henderson v. Morgan, 426 U.S. 637, 645 n.13, 96 S.Ct. 2253, 2258 n.13, 49 L.Ed.2d 108, 114 n.13 (1976). A plea is knowing and intelligent if it is "done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747, 756 (1970). A showing that a plea was voluntary and intelligent "is generally made by the government's production of a transcript of state court proceedings

to establish that the plea was made voluntarily." McAdoo v. Elo, 365 F.3d 487, 494 (6th Cir. 2004). "Factual findings of a state court that the plea was proper generally are accorded a presumption of correctness." Garcia v. Johnson, 991 F.2d 324, 326 (6th Cir. 1993). A petitioner must overcome a heavy burden for a court to overturn state court findings. Id. at 328.

A review of the record supports a finding that the petitioner's guilty plea was voluntary and intelligent and was made with sufficient awareness of the relevant circumstances and likely consequences. The transcript of the settlement agreement reveals and the post-conviction court found that the trial court discussed "voluntariness of plea" on at least six separate occasions with the petitioner, the petitioner was advised and understood his rights, and he voluntarily waived them. See notice (filed January 31, 2005; Docket Entry No. 14) of filing documents, attachment thereto, Exhibit No. 3 at 4-5, 10, 13, 25, 26; Robinson, 2003 WL 2002089, at *4. There was no showing that the petitioner was incompetent, and the petitioner, in fact, stated that he was not under the influence of any drugs or alcohol or medication that would affect his ability to understand what he was doing. See notice (Docket Entry No. 14) of filing documents, attachment thereto, Exhibit No. 3 at 25. Further, the Tennessee Criminal Court of Appeals found:

> While the Appellant testified that he had only completed the tenth grade and had limited exposure to the criminal court process, the record clearly establishes that both trial counsel and the trial court made great efforts to

4

> adequately explain the process to him. The transcript of the guilty plea submission hearing supports the fact that the trial court took measures to ensure that the Appellant was aware of the charges against him and the rights he was waiving. There was no evidence to support the Appellant's claim that he was on medication, making him "fuzzy" and unaware of the consequences of his actions, other than his own self-serving testimony at the post-conviction hearing.

Robinson, 2003 WL 2002089, at *4. The petitioner has not presented any evidence contradicting these findings. Accordingly, the petitioner's claim is without merit.

### B. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

To establish a claim of ineffective assistance of counsel, the petitioner bears the burden of showing that the representation was in some way deficient and that his defense was prejudiced so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). To satisfy the first component of the Strickland test, the petitioner must show that counsel made errors so serious that she was not functioning as "counsel" guaranteed by the Sixth Amendment. Id. A reviewing court should recognize the strong presumption in favor of finding that the convicted defendant's counsel "rendered adequate assistance" and "made all significant decisions in the exercise of reasonable professional judgment." Id., 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695. The court must not "indulge in hindsight, but must evaluate the reasonableness of counsel's performance within the context of the

5

circumstances at the time of the alleged errors." McQueen v. Scroggy, 99 F.3d 1302, 1311 (6th Cir. 1996)(citations omitted).

To satisfy the second component of the Strickland analysis, the petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. In the context of a guilty plea, the petitioner "must show [with regard to the second component] that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210 (1985). Although the petitioner must prove both components in establishing an ineffective assistance of counsel claim, "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697, 104 S.Ct. at 2069, 80 L.Ed.2d at 699.

After reviewing the factual findings of the post-conviction court and the court of criminal appeals and independently reviewing the filings of the parties, the Court finds the petitioner has failed to establish that his counsel was deficient or that he was actually prejudiced by any error of his counsel. The record shows

that the petitioner's counsel met with him on several occasions and discussed his case with him, she explained to the petitioner the elements of the charges and the range of punishment for each offense, she demanded a preliminary hearing, requested a mental evaluation of the petitioner, and investigated potential alibi witnesses who proved to be more harmful than helpful to the petitioner. The petitioner also failed to present any evidence or witnesses to support his claim that had such witnesses or evidence been discovered by his counsel the outcome of his case would have been different. Accordingly, the petitioner's claim is without merit, and the petition shall be denied.

An appropriate order shall be entered.

*Thomas A. Higgins*
Thomas A. Higgins
United States District Judge
*8-25-05*